## OUZTS v. POWELL.

### No. 9992.

Circuit Court of Appeals, Fifth Circuit.

Feb. 5, 1942.

Millard F. Caldwell, Ben A. Meginniss, and Julius F. Parker, all of Tallahassee, Fla., for appellant.

W. J. Oven and W. J. Oven, Jr., both of Tallahassee, Fla., for appellees.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The plaintiff, as widow of W. A. Ouzts, sued the receivers of Seaboard Airline Railway Company under the death statute of Florida for the killing of her husband. On a pretrial hearing it was admitted in writing that the facts stated in a special

defense pleaded were true. The court thereupon gave a summary judgment for the defendants, and the plaintiff appeals.

The declaration in substance stated that Ouzts was driving a truck in the early morning, while it was still dark, on U. S. Highway No. 1, and in ignorance that he was nearing a railroad crossing, when he suddenly became enveloped in smoke, tried to stop the truck, but before he could do so struck the side of a train which was crossing the highway and he was killed; the crossing was dangerous and had been so officially declared by the State Road Department, but the railroad had not placed the warning signals required by Sections 1324 and 1325 of Compiled General Laws of Florida, and the State Road Department had placed none; or alternately, if the Department had done so, the signs were not those required by the statute and were wholly insufficient to give warning of the presence of the railroad crossing.

The special defense, admitted to be true, stated that for several years before and at the time of the death of Ouzts the State Road Department had erected and maintained about 450 feet north of the railroad, and 9 feet west of the highway, a sign facing north 24¾ inches in diameter and 42 inches above the ground, which bore the letters R. R. outlined in red glass reflectors and black crossbars outlined with white glass reflectors, so that the sign and markings could be easily seen at night by the headlights of an approaching motor vehicle, and could easily have been observed by anyone travelling the highway with due diligence and caution.

The statute referred to requires the operator of a motor vehicle, approaching a grade railroad crossing which has been designated by the State Road Department as dangerous, to bring his motor vehicle to a full stop not less than ten feet from the nearest rail. It also requires the railroad company to place on each side of such a crossing on the right side of the highway 200 feet from the crossing, at a height of 10 feet, a sign 40 by 50 inches in size, inscribed: Stop—Railroad Crossing—Florida Law, and with suitable mirror reflectors for night use, of such size, color and description as may be approved by the State Road Department for use at railroad crossings. The statute concludes with these words: "Provided further, that where railroad warning signs have already been placed, or shall hereafter be placed, at any railroad crossing by the State road department, said railroad companies shall not be required to erect or maintain additional signs or reflectors at such crossings."

It is apparent that the signs which the State Road Department had placed at this crossing are not of the size or height or inscription required by the statute for the signs placed by the railroad company; but since the Department had placed and maintained its own warning signs at this crossing, the railroad company had no duty to place any. If the signs were insufficient, it was not the fault of the railroad company. No other negligence appears. The train had a right to cross the highway, and having reached the crossing first was, so far as appears, proceeding in a cautious and proper way. That the engine should have left smoke behind it cannot be held negligence. The statute of Florida (Comp. Gen.Laws 1927, § 7052) diminishing instead of defeating recovery when both the injured person and the railroad company are at fault has no application, because no fault appears on the part of the railroad company.

It is faintly argued that the above-quoted proviso is not covered by the title of the act. The portion of the title referring to the duty of the railroad company reads: "And Providing for Certain Additional Obligations and Liabilities of Railroad Companies in this State in Connection with and with Respect to Railroad Grade Crossings." Acts Fla.1927, c. 12222. This suffices as a foundation for providing when the obligation to erect signs shall not exist as well as when it shall. The title of the act is sufficient.

Judgment affirmed.